UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENE DESHAWN M. WATKINS                                            PLAINTIFF

v.                                      CIVIL ACTION NO. 3:15CV-409-CRS

CITY OF SHIVELY POLICE DEPARTMENT                      DEFENDANT

## MEMORANDUM OPINION

       Defendant City of Shively Police Department, by counsel, removed Plaintiff Gene DeShawn M. Watkins' *pro se* complaint from the Jefferson Circuit Court. On May 27, 2015, the Clerk of Court issued a Notice to the Jefferson Circuit Court that the action had been removed to federal court (DN 3). By Order entered May 28, 2015 (DN 5), the Court referred this matter to the Magistrate Judge and scheduled a Rule 16 Scheduling Conference for August 5, 2015. The record reveals that the mailed Notice and Order sent to Plaintiff at his address of record were returned to the Court by the U.S. Postal Service on June 1, 2015 (DNs 6 & 7). The returned envelopes were marked "Moved Left No Address, Unable to Forward, Return to Sender." The record further reveals that in its conference statement (DN 13), Defendant advises that it has not been able to conduct a pre-conference planning meeting with Plaintiff or to discuss a possible discovery plan due to Plaintiff having apparently moved from the address listed in his complaint. Defendant further advised that all mail sent to Plaintiff was returned as undeliverable. Finally, the record reflects that the Magistrate Judge remanded the Rule 16 Scheduling Conference set for August 5, 2015, due to lack of communication with Plaintiff.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither notices or orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Court concludes that Plaintiff has abandoned any interest in prosecuting this case and will dismiss the action by separate Order.

Date: September 14, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of Record
4411.005

2